UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RICHARD EUGENE DAVIDSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:19-CV-158-TAV-HBG |
|  | ) |  |
| WARDEN OF FEDERAL CORRECTIONAL INSTUTITION RAY BROOK, | ) ) ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM OPINION**

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. On August 12, 2019, the Court entered an order providing that Petitioner had thirty (30) days from the date of entry of that order to pay the filing fee or to submit the necessary documents to proceed *in forma pauperis* [Doc. 3]. More than thirty (30) days have passed since entry of this order and Petitioner has not paid the filing fee or submitted the necessary documents. Further, while Petitioner has returned an unsigned application for leave to proceed *in forma pauperis* on which he has written "foreign immunity" and other documents indicating his religious affiliation and setting forth unrelated statements and narratives [Docs. 6, 7], these filings do not comply with the Court's order, and Petitioner has not set forth any non-conclusory legal or factual assertions regarding his failure to comply with the Court's order in these filings. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, it appears that Petitioner received the Court's order and chose not to comply therewith. Instead, Petitioner filed a *in forma pauperis* application that, apart from the words "foreign immunity" written in red ink across the document, is blank and other unrelated documents that do not include any non-conclusory legal or factual assertions regarding his failure to comply with the Court's order. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 3 p. 1–2].

2

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner is a prisoner who has refused to comply with the Court's order providing clear instructions as to how to proceed in this case [*Id.*].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not debate the Court's finding that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute and/or comply with Court orders, a COA **SHALL NOT ISSUE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE